ORIGINAL



FILED

02/28/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0092

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0092

---

KEITH M. BORRA,

Petitioner,

v.

PETER BLUWORTH, WARDEN,

Respondent.

ORDER

FILED

FEB 27 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

---

Keith M. Borra petitions this Court for habeas corpus relief, indicating that his sentence is illegal because none of it was suspended. He includes a copy of the December 20, 2019 Judgment and Sentence, issued in the Tenth Judicial District Court, Fergus County.

The District Court held a sentencing hearing for Borra, who appeared with counsel, on December 9, 2019, after a jury found Borra guilty on three charges. The District Court sentenced Borra to the Department of Corrections (DOC) to an unsuspended, five-year term for a second offense of stalking, pursuant to § 45-5-220, MCA. The court also imposed a consecutive, unsuspended, five-year term to the DOC for felony tampering with a witness/informant, pursuant to § 45-7-206, MCA. Lastly, the court imposed a six-month jail term for misdemeanor attempted violation of a protective order that ran concurrently with his other sentences. The court awarded 230 days of credit for jail time served.

Last year, this Court denied his Petition for an Out-of-Time Appeal because he offered no explanation for the four-year delay in seeking an appeal. *See State v. Borra*, No. DA 23-0670, Order (Mont. Dec. 5, 2023).

Borra cites to § 46-18-201(3)(a)(iv)(A), MCA (2017). He states that "all but the first five years . . . must be suspended . . ." according to this statute. Borra requests a reduction of his sentence or remand to the District Court for imposition of a lesser sentence.

Borra is not entitled to a reduction of his sentence. While Borra cites correctly to the statute for sentencing, that statute does not apply to his offenses. Pursuant to § 46-18-201(3)(a)(iii), MCA, a sentencing judge may impose a sentence that may include a term of incarceration, as provided in Title 45 for the offense. A jury found Borra guilty of two offenses stalking and tampering with a witness. Pursuant to § 45-5-220(3), MCA (2017), for a second stalking offense, "the offender shall be imprisoned in the state prison for a term not to exceed 5 years . . . ." Pursuant to § 45-7-206(2), MCA (2017), "[a] person convicted of tampering with witnesses or informants shall be imprisoned in the state prison for any term not to exceed 10 years . . . ." Borra received five years when he could have received a ten-year term on the second conviction. The District Court imposed unsuspended sentences according to Montana's statutory scheme. The District Court has the statutory authority to run sentences for two or more offenses consecutively. Section 46-18-401(4), MCA.

Borra has not demonstrated an illegal sentence. Section 46-22-101(1), MCA. Borra has a lawful sentence. He is not entitled to the relief requested. Accordingly,

IT IS ORDERED that Borra's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Keith M. Borra personally.

DATED this 27th day of February, 2024.

_____
Chief Justice

_____

_____

2

_____

_____
Justices

3